CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 2 1 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TAMMY E. GOODWIN<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5:07CV00012<br><br>**MEMORANDUM OPINION**<br><br>By: Honorable Glen E. Conrad<br>United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Tammy E. Goodwin, was born on December 1, 1963, and eventually completed the eleventh grade in school. Mrs. Goodwin has worked as a restaurant manager and chef. She last worked in 2000. On June 16, 2004, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In filing her applications, Mrs. Goodwin alleged that she became disabled for all forms of substantial gainful employment on August 30, 2001. She now

maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Goodwin met the insured status requirements of the Act through the second quarter of 2004, but not thereafter. See generally 42 U.S.C. § 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2004. See generally 42 U.S.C. § 423.

Mrs. Goodwin's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 19, 2006, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mrs. Goodwin suffers severe impairments on the basis of arthritis, obesity, migraine headaches, and depression. Because of these difficulties, the Law Judge held that Mrs. Goodwin is disabled for her past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for light exertion. Given a residual functional capacity for light exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Goodwin possesses sufficient functional capacity to engage in several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Goodwin is not disabled, and that she is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Goodwin has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Goodwin has a history of a variety of physical problems. She suffered significant injuries in an automobile accident in 1987. Since then, she has been treated for musculoskeletal pain. Plaintiff has also received treatment for hypertension, sleep apnea, obesity, and otitis media. In April of 2003, she underwent a "lap band" procedure in order to achieve weight loss. More recently, Mrs. Goodwin has been treated for moderately severe fibromyalgia, headaches, and depression. While the court believes that the Administrative Law Judge erred in failing to cite plaintiff's fibromyalgia as a severe impairment, and in finding a residual functional capacity for light exertion, the court concludes that the record supports the Law Judge's ultimate determination that Mrs. Goodwin retains sufficient functional capacity to perform alternate forms of work. Simply stated, no doctor has suggested that plaintiff is totally disabled. The report most favorable to Mrs. Goodwin's claims was completed by a consultative physician on November 30, 2004. In that report, Dr. Chris Newell opined that Mrs. Goodwin is limited to sedentary forms of work which permit a sit or stand option. Since Dr.

Newell's report, plaintiff's diagnosis of fibromyalgia has been confirmed by medical specialists. However, those specialists do not suggest that Mrs. Goodwin is totally disabled and, indeed, recommend physical activity as a therapeutic measure. The vocational expert testified that, assuming residual functional capacity for no more than sedentary work roles which permit a sit/stand option, there are several specific jobs which Mrs. Goodwin could be expected to perform. In short, the court finds substantial evidence to support the Commissioner's decision that Mrs. Goodwin is not totally disabled, and that she is not entitled to disability insurance benefits or supplemental security income benefits.

Over the years, Mrs. Goodwin's most serious and persistent medical problem has consisted of pain in her back, neck and knees. She has experienced some improvement in her obesity and sleep apnea following the stomach "lap band" procedure. Her hypertension and otitis media have also proven subject to reasonable medical control. As for her musculoskeletal discomfort, a variety of MRIs and x-rays have been negative for anything more than mild degenerative changes, without evidence of herniation, stenosis, or nerve impingement. Given the persistence of her complaints, her relatively unremarkable objective findings, and the presence of related symptoms, including headaches and depression, Mrs. Goodwin's doctors began to consider a diagnosis of fibromyalgia. Such a diagnosis was confirmed following evaluation by a rheumatologist on February 24, 2005. At that time, it was recommended that plaintiff engage in gradually increasing exercise. (TR 200). The rheumatologist gave no indication that plaintiff's fibromyalgia had progressed to disabling levels of severity.

Given the rheumatological findings, as well as Dr. Newell's earlier report, the court must conclude that the medical record does not support a finding of residual functional capacity for light

Case 5:07-cv-00012-GEC Document 12 Filed 08/21/07 Page 4 of 6 Pageid#: 38

exertion. Dr. Newell clearly found that Mrs. Goodwin is unable to stand and walk for more than two hours in a regular work day. Such a finding is undisputed, and is clearly inconsistent with the notion that plaintiff can now perform light work. See 20 C.F.R. §§ 404.1567(b) and 416.967(b). On the other hand, Dr. Newell determined that plaintiff could be expected to perform work activity in which she is seated for most of the workday but permitted to stand as necessary. In cases in which a sit/stand option is required, Social Security Ruling 96-9p provides that it is especially useful to have a vocational expert consider the claimant's capacity for alternate work activities, in light of claimant's particular combination of age, education, and prior work experience. In Mrs. Goodwin's case, Dr. James Ryan testified at the administrative hearing as a vocational expert. Given plaintiff's age, education, and prior work experience, and assuming that she is limited to unskilled sedentary work in which she is permitted to sit or stand at will, Dr. Ryan identified several jobs which plaintiff could be expected to perform. (TR 237-38). It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. Accordingly, the court finds substantial evidence to support the Commissioner's determination that Mrs. Goodwin is not disabled for all forms of substantial gainful activity. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision in this case, the court does not suggest that Mrs. Goodwin is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that she suffers from several very severe problems, which can be expected to result in pain, weakness, fatigue, and depression. The court agrees that the diagnosis of fibromyalgia is very worrisome, and that Mrs. Goodwin's status may deteriorate in the future. On the other hand, it must

again be noted that no doctor has found that plaintiff is currently disabled, or that she is unable to engage in regular and sustained work activity. The rheumatologist in this case specifically recommended exercise as a therapeutic measure. In short, there is every reason to believe that Mrs. Goodwin can engage in some forms of sedentary work activity at the present time.

It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears that the Commissioner reasonably relied on the testimony of a vocational expert in determining whether appropriate work roles exist for a person of Mrs. Goodwin's age, education, and prior work experience. The court must conclude that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court concludes that the Commissioner's resolution of the pertinent conflicts in the record in this case is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day. The court notes that since plaintiff's primary impairment may be progressive in nature, she may wish to consider filing a new application for supplemental security income benefits at a later point in time.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 21st day of August, 2007.

Glen Conrad